UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANYELL ROBERTS,
        Reg. No. 56651-177
        Petitioner,

v.                                              Case No.  5:22-cv-129/TKW/MAL

KEVIN D. PISTRO, PSY. D.,
Warden, FCI Marianna,[1]
        Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner Danyell Michelle Roberts'
amended petition for writ of habeas corpus under 28 U.S.C. § 2241.  Doc. 4.
Petitioner alleges the Federal Bureau of Prisons (BOP) improperly denied her
sentencing credit under the First Step Act (FSA) and denied her request to be
transferred to home confinement under the Coronavirus Aid, Relief and Economic
Security (CARES) Act.  Respondent has moved to dismiss the petition, claiming
Petitioner failed to exhaust her administrative remedies as to her claim under the
FSA, while also noting that claim is now moot because Petitioner's FSA credits have
been calculated and applied since she filed her petition.  Doc. 4 at 1.  Respondent

---

[1] The only proper respondent in a § 2241 petition is the individual having custody over Petitioner,
in this case Warden Pistro.  The other respondents named in the amended petition, Mr. Miles, Unit
Manager, Mrs. Lewis, Case Manager, and Ms. Mendez, Camp Administrator, are not properly
named.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  The request to dismiss the other
named respondents except for Warden Pistro, (Doc. 13 at 3) is therefore granted.

1

further contends the Court does not have jurisdiction over Petitioner's CARES Act claim. *Id.* Petitioner has not responded although the time for doing so has elapsed, and the matter is ripe for decision. For the reasons below, the undersigned concludes that the petition is due to be dismissed.

## I.       Background

Petitioner was convicted of possession with intent to distribute five kilograms or more of cocaine in the United States District Court for the Northern District of Texas and sentenced to a term of 121 months' imprisonment followed by five years of supervised release. She is currently incarcerated at the Federal Correctional Institution in Marianna, Florida with a projected release date of February 25, 2027. The only proper respondent in this case is the individual having custody over Petitioner, in this case Warden Kevin D. Pistro, Psy.D.

Petitioner now challenges the BOP's failure to apply sentencing credits to which she clams is entitled under the FSA after she successfully completed programing and maintained a job assignment. Doc. 4 at 3. She also asserts she was improperly denied relief under the CARES Act due to a history of violence, although her prior battery charge was only a misdemeanor. She states she has presented her claims to the BOP, (*id.* at 3, 4), but includes no exhibits demonstrating any attempts at exhaustion.

## II.    Discussion

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert. *Id.* To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016).

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). An inmate "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition involving the computation of sentence credits. *Id.* Although the exhaustion requirement is not jurisdictional, it is a requirement. *Santiago-Lugo v. Warden,* 785 F.3d 467, 475 (11th Cir. 2015). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq.* An inmate seeking to challenge the computation of sentence credits must avail herself of the BOP's administrative remedy procedure before filing a § 2241 petition. *See Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence

3

credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty

4

days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* Doc. 13-6 at ¶3, ¶9. Each filing received is logged into SENTRY. *Id.* at ¶9. Remedies filed at the institutional level are given an identifying number and the appendage "-F." *Id.* at ¶ 6. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejections. 28 C.F.R. § 542.17(b).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th

Cir. 2008)).  First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted).  In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two.  Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*.

In this case, the question of exhaustion as to each of Petitioner's grounds for relief can be resolved at step one because there is no factual dispute regarding what Petitioner has done.

### B. Petitioner failed to fully exhaust her claim regarding FSA credits.

The FSA permits an eligible inmate who successfully completes certain programming to earn time credits to be applied toward time in prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(A).  Inmates can earn ten days of time credits for every thirty days of successful participation and eligible inmates can earn an additional five days of time credits for every thirty days of successful participation.  *Id.*  Petitioner filed the instant petition seeking credits to which she was entitled before completing the administrative remedy process.

In support of the motion to dismiss, Respondent has submitted the sworn

declaration of Bridgitte Forward, the Secretary to the Associate Warden of FCI Marianna.  Doc. 13-6.  According to Ms. Forward's declaration, Petitioner has filed eleven remedies that are recorded in SENTRY.  Of these records, Petitioner filed only one administrative remedy related to the application of earned time credits under the FSA, Remedy Number 1060833-F1.  Doc. 13-6 ¶12.  This remedy was received at the institution level on December 15, 2020.  Doc. 13-7 at 3.  The Abstract of the remedy reflects "appealing HC denial, wants program hrs. applied." *Id.*  The remedy was rejected with the note "You must file a separate form for each request.  Pls correct and refile by 12-15-2020 for this to be processed accordingly." *Id.*  SENTRY does not reflect another administrative remedy filing concerning the application of earned time credits under the FSA.  Doc. 13-6 at ¶ 13.  Therefore, she has not exhausted her administrative remedy process concerning this issue.

As the Supreme Court has explained, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  Full exhaustion is required.  There are three levels to the BOP's administrative remedy process, and "[a]n inmate has not fully exhausted [her] administrative remedies until [she] has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).  Petitioner did not properly complete all levels of the BOP's administrative remedy process as to her FSA claim and, therefore, this ground should be dismissed for failure to exhaust.

7

*See Davis*, 661 F. App'x at 563 (affirming dismissal of § 2241 petition for failure to exhaust where the petitioner filed an untimely appeal of the Regional Director's decision).

Alternatively, as explained in the Respondent's response, Petitioner's claim for relief is moot because on October 10, 2022, the BOP completed Petitioner's time credit assessment and she has received 180 days of time credits that have been credited toward her release date. Doc. 13 at 16. Thus even if her remedies had not been exhausted, Respondent contends, without objection from Petitioner, no further relief is warranted.

### C. Petitioner exhausted her administrative remedies as to her CARES Act claim, but the Court lacks jurisdiction to grant the requested relief

In response to the COVID-19 outbreak and as part of the CARES Act, Congress expanded the BOP's home confinement authority. The relevant section of the CARES Act provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, § 12003(b)(2), Pub. L. No. 116-136.

On April 3, 2020, Attorney General William Barr issued a memorandum making the requisite finding and instructed the Director of BOP to identify

vulnerable inmates for transfer to home confinement, based on a previously provided non-exhaustive list of discretionary factors. Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), https://www.justice.gov/file/1266661/download; *United States v. Young*, 2020 WL 4678408 (S.D. Ala. Aug. 12, 2020).

In assessing which inmates should be granted home confinement under the directive, institutions are to consider the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and the following factors to ensure inmates are suitable for home confinement under the CARES Act:

• Reviewing the inmate's institutional discipline history for the last twelve months (Inmates who have received a 300 or 400 series incident report in the past twelve months may be referred for placement on home confinement, if in the Warden's judgment such placement does not create an undue risk to the community);
• Ensuring the inmate has a verifiable release plan;
• Verifying the inmate's current or prior offense is not violent, a sex offense, or terrorism-related;
• Confirming the inmate does not have a current detainer;
• Ensuring the inmate is Low or Minimum security;
• Ensuring the inmate has a Low or Minimum PATTERN recidivism risk score;
• Ensuring the inmate has not engaged in violent or gang-related activity while incarcerated (must be reviewed by SIS);
• Reviewing the COVID-19 vulnerability of the inmate, in accordance with CDC guidelines; and
• Confirming the inmate has served 50% or more of their sentence; or has 18 months or less remaining on their sentence and has served 25% or more of their sentence.

*See* https://www.fd.org/sites/default/files/news/2021.4.13_bop_home_confinement_cares_memo.pdf

Petitioner requested, and was denied, home confinement under the CARES

Act.  Respondent concedes Petitioner has fully exhausted the administrative remedy process as to her appeal of the denial of her request.  Doc. 13-6 at ¶s 15-19.  However, Respondent contends that in accordance with the aforementioned factors, Petitioner was neither eligible for transfer to home confinement either at the time she exhausted her administrative remedies, nor is she eligible today, because her percentage of time served is less than 50 percent.  *See* ECF No. 13-1 at 3 (reflecting 43.5 percent of statutory term served as of October 17, 2022).

Furthermore, even if Petitioner were eligible for home confinement, there exists no enforceable constitutional right to be transferred to home detention.  *See Williams v. Flournoy*, 732 F. App'x 810, 811-812 (11th Cir. 2018) (inmates have no right to be transferred to a particular location of their choosing) (*citing Meachum v. Fano*, 427 U.S. 215, 225 (1976)).  The "decision where to house inmates is at the core of prison administrators' expertise." *Flournoy*, 732 F. App'x at 812 (*quoting McKune v. Lile*, 536 U.S. 24, 39 (2002)).   It is the BOP that "shall designate the place of the prisoner's confinement."  18 U.S.C. § 3621(b).

Petitioner appears to believe this Court can override the BOP's decision-making authority.  She is mistaken.  A "district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (*quoting United States v. Puentes,* 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*,

879 F.3d 1291, 1296-97 (11th Cir. 2018) (*quoting Dillon v. United States*, 560 U.S. 817, 827 (2010)).  There is nothing in the language of the CARES Act that provides district courts with the authority to transfer federal prisoners to home confinement. The relevant portion of the statute provides:

> (2) Home confinement authority.-- The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

Under the CARES Act, the BOP retains exclusive jurisdiction to decide whether to place a prisoner under extended home confinement.  *See United States v. Groover*, 844 F. App'x 185, 188, 189 (11th Cir. 2021) (the CARES Act does not "give the judiciary any authority to grant an inmate's request for home confinement"); *see also United States v. Alvarez*, 2020 WL 2572519, *2 (S.D. Fla. May 21, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *Brown v. Attorney General*, 2020 WL 4582732, *2 (M.D. Fla. Aug. 10, 2020) (same result in order on petition pursuant to § 2241); *United States v. Phillips*, 2020 WL 2219855, *1 (M.D. Fla. May 7, 2020) ("The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement"); *see also* 18 U.S.C. §

3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

Based on the foregoing, the CARES Act does not provide the Court the authority to grant the habeas relief that Petitioner requests pursuant to § 2241. *United States v. Witt*, 43 F. 4th 1188, 1198 fn.6 (11th Cir. Aug. 9, 2022). Because the Court lacks jurisdiction, Ground Two of the petition must also be dismissed.

### III. Conclusion

Petitioner did not exhaust her administrative remedies as to the FSA claim in Ground One of the petition. The Court lacks jurisdiction to grant the relief requested in the CARES Act claim in Ground Two of the petition. Therefore, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's "Motion to Dismiss 28 U.S.C. § 2241 Amended Petition for Failure to Exhaust Administrative Remedies as to Ground One and for Lack of Jurisdiction as to Ground Two" (Doc. 13) be **GRANTED**.

2. Mr. Miles, Unit Manager, Mrs. Lewis, Case Manager, and Ms. Mendez, Camp Administrator, be **DISMISSED** as respondents in this case.

3. The amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 4) be **DISMISSED**.

4.  The Clerk of Court be directed to close the file.

DONE AND ORDERED this 6th day of December, 2022.

<u>s/ *Midori A. Lowry*</u>
Midori A. Lowry
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(B);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**